IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: AMERICAN MEDICAL SYSTEMS, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                MDL No. 2325

THIS DOCUMENT RELATES TO:

*Roane v. American Medical Systems, Inc. et al*
Civil Action No. 2:12-cv-08976

# MEMORANDUM OPINION AND ORDER

Pending before the court is the Defendant's Motion to Dismiss with Prejudice [ECF No. 19] filed by American Medical Systems, Inc. ("AMS"). The plaintiff has not responded, and the time for responding has expired. Therefore, the Motion is ripe for adjudication. For the reasons stated below, the Motion is **GRANTED.**

AMS's Motion arises from this court's Order [ECF No. 16], entered on June 13, 2018, denying AMS's first Motion to Dismiss for failure to serve a Plaintiff Fact Sheet ("PFS") [ECF No. 14] in compliance with Pretrial Order ("PTO") # 249. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when reviewing a motion to dismiss on the basis of noncompliance with discovery. *See* Order at 4–7 (applying the *Wilson* factors to the plaintiff's case).[1] Concluding that the first three factors weighed in favor of sanctions as requested by

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

AMS, I nevertheless declined to award the requested sanction of dismissal with prejudice because it would offend the court's duty under *Wilson*'s fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I gave the plaintiff a final chance to comply with the deadlines set forth in PTO # 249. I afforded her thirty days from the entry of the Order to submit to AMS a completed PFS, with the caveat that failure to do so may result in dismissal of her case with prejudice upon motion by AMS. Despite this warning, the plaintiff has again failed to comply with this court's orders and did not provide AMS with a completed PFS within the thirty-day period. Consequently, AMS moved to dismiss with prejudice.

Because the less drastic sanction instituted against the plaintiff has had no effect on her compliance with and response to this court's discovery orders, which she has continued to blatantly disregard, I find that dismissing AMS with prejudice is now appropriate. For the reasons explained in my June 13 Order, it is **ORDERED** that AMS's Motion to Dismiss [ECF No. 19] is **GRANTED**, and AMS is **DISMISSED with prejudice.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: November 29, 2018

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE